IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AUSTIN LAWRENCE,

    Plaintiff,

v.                                                                                                    Case No. 22-1186-JWB

NGYUEN DO,
*doing business as Innuendo*,

    Defendant,

v.

WELLS FARGO BANK, N.A.,

    Garnishee.

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's motion for judgment (Doc. 10) and Garnishee Wells Fargo Bank, N.A.'s motion for leave to amend its garnishment answer. (Doc. 8.) The motions are sufficiently briefed and the time for filing further briefs has expired, making the motions ripe for decision. For the reasons stated herein, Plaintiff's motion for judgment is DENIED and Garnishee's motion to amend its answer is GRANTED.

**I. Background and Facts**

Plaintiff filed a petition against Defendant in Sedgwick County District Court on August 23, 2017, alleging claims including fraud, breach of contract, and violations of the Kansas Consumer Protection Act. (Doc. 1-2.) On May 13, 2019, after Defendant failed to appear or defend the action, Plaintiff obtained a journal entry of default judgment against Defendant. (Doc. 1-3 at 76–81.)

On July 19, 2022, Plaintiff obtained an order for garnishment directed to Garnishee at a Wichita "and or" Topeka address. (Doc. 1-3 at 106.) The order stated in part that if Garnishee failed to complete and send in its answer as required in the accompanying answer form and instructions, Plaintiff could file a motion for judgment against Garnishee in the amount of the judgment against Defendant, which was indicated as $193,988.45 plus costs and fees as of May 15, 2019. (*Id.* at 111.)

On or about July 21, 2022, Garnishee sent a letter to Plaintiff's counsel "providing the information you requested," referencing judgment debtor "NGUYEN DO dba INNUENDO," and stating that it held $8.83 in funds belonging to Defendant. (Doc. 1-6 at 2.)

On or about July 22, 2022, Garnishee sent a second letter to Plaintiff's counsel "providing the information you requested," referencing judgment debtor "N DO," and stating "No Account Found." (Doc. 8-1 at 2.) Garnishee executed a garnishment answer on July 26, 2022, referencing judgment debtor "Nguyen Do" and stating "No Acct. Found" for Defendant. (*Id.* at 3-4.)

On August 5, 2022, Plaintiff filed a motion for judgment against Garnishee, alleging that Garnishee "failed to answer in the manner specified in the Order of Garnishment and Instructions," such that pursuant to K.S.A. § 60-737(b), Plaintiff was entitled to judgment against Garnishee. (Doc. 1-3 at 108.) The motion sought judgment in the amount of "two thousand seventy thousand [sic], thirty three dollars and sixty cents," plus interest, attorney's fees, and costs. (*Id.*) The motion stated that the matter was set for a hearing on August 25, 2022. (*Id.* at 3.)

On August 18, 2022, Garnishee filed a notice of removal to this court, alleging that this court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because the parties are all citizens of different states and the amount in controversy exceeds $75,000. (Doc. 1 at 2.)

Garnishee now moves to amend its garnishment answer. It acknowledges that it submitted a garnishment answer that failed to identify the judgment debtor's account at Wells Fargo, although it asserts that it correctly identified the account (and balance of $8.83) in separate correspondence sent to Plaintiff's counsel on July 21, 2022, in response to the garnishment order. (Doc. 8-2 at 2.) It argues that the erroneous answer was a "technical deficiency," that proper disclosure was in fact made, that there is no prejudice to Plaintiff from allowing Garnishee to amend its answer, and that Garnishee did not act in bad faith. (Doc. at 2-3.)

## II. Standards

Kansas law provides in part that within 14 days of service of an order of garnishment, the garnishee shall complete the answer and send it to the judgment creditor's attorney. K.S.A. § 60-736. If the garnishee fails to answer as required, the judgment creditor may file a motion, and the court "may grant judgment against the garnishee for the amount of the judgment creditor's judgment … or for such other amount as the court deems reasonable and proper," and for expenses and attorney's fees. K.S.A. § 60-741.

In *Vision Marketing Resource, Inc. v. McMillin Groups, LLC*, No. 10-2250-KHV, 2015 WL 4275980, * 7 (D. Kan. July 14, 2015), Judge Vratil applied the standards of Fed. R. Civ. P. 15(a)(2) in determining whether a garnishee could amend its answer, noting a court has discretion to allow amendment and "should normally refuse to grant leave to amend only upon a showing of futility, undue delay, undue prejudice to the non-moving party or bad faith of the moving party." *Id.* (*citing Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

## III. Analysis

The court finds that Garnishee's motion to amend its answer should be granted and that Plaintiff's motion for judgment should be denied. The deficiency in Garnishee's initial answer

appears to have been due to a technical error. Although its answer incorrectly stated that the judgment debtor had no account, Garnishee furnished a letter to Plaintiff's counsel at the same time correctly stating that the debtor in fact had an account that contained $8.83. Garnishee now moves to amend its answer accordingly. Plaintiff has not shown that it will suffer any prejudice from the amendment. Nor is there any suggestion of bad faith on the part of Garnishee in connection with the amendment. Finally, no undue delay will result from the amendment. Under the circumstances, entry of judgment against Garnishee under K.S.A. § 60-741 is not warranted and amendment of Garnishee's answer is appropriately granted. *See Vision Mktg. Res., Inc.*, 2015 WL 4275980, at * 7 ("Justice requires permitting amendment here."); *see also BNSF Ry. Co. v. Zook*, 2016 WL 5371861, *5 (D. Kan. Sept. 16, 2016) (extension of time granted where there was no prejudice or bad faith in garnishee filing answer two days late; motion for judgment against garnishee denied); *Jewell v. Schell*, 103 Kan. 604, 175 P. 970, 970 (1918) (court did not err in vacating order for garnishee to pay money where "[t]he averments show clearly enough that the garnishee was mistaken in his original answer."); 38 C.J.S. Garnishment § 297 ("The court in which a garnishment proceeding is pending may, in its discretion, permit the garnishee to amend his or her answer, or to file an additional or supplemental answer.")

**IV.  Conclusion**

Plaintiff's motion for judgment against Garnishee (Doc. 10) is DENIED. Garnishee's motion for leave to amend its answer (Doc. 8) is GRANTED. Garnishee shall forthwith file its amended answer. IT IS SO ORDERED this 25th day of October, 2022.

     s/ John W. Broomes  
     JOHN W. BROOMES  
     UNITED STATES DISTRICT JUDGE